UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

D. PERRY HOSTETLER                                                                           PLAINTIFF

VERSUS                                                      CIVIL ACTION NO. 3:13CV351-WHB-RHW

WILLIAM L. DILLARD                                                                         DEFENDANT

### ORDER DENYING MOTION TO TRANSFER VENUE

  Before the Court is Plaintiff D. Perry Hostetler's [6] Motion to Change Venue.  On June 7, 2013, Plaintiff filed suit in the Southern District of Mississippi.  Defendant then filed a [2] Motion to Dismiss on July 5, 2013, asserting that Plaintiff failed to join a necessary and indispensable party.  The motion to dismiss is still pending.  Although Defendant filed a responsive pleading, he has not yet filed an answer to the complaint.  On July 25, 2013, approximately 48 days after filing the complaint, Plaintiff filed the instant motion to transfer venue to the Northern District of Mississippi.  Plaintiff argues that he mistakenly filed the lawsuit in the Southern District of Mississippi.  Defendant resides in the Northern District, and the events giving rise to the lawsuit occurred in the Northern District.  Plaintiff lists his residence as Weyers Cave, Virginia.  Defendant opposes the transfer of venue and argues that Plaintiff waived any objection to venue by filing the lawsuit in the Southern District of Mississippi.

  In relevant part, the federal venue statute provides that a civil action may be brought in the judicial district in which any defendant resides or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject of the action is situated.  28 U.S.C. § 1391(b)(1)-(2).  Based on the allegations in the complaint and the pleadings of the parties, it appears that venue is not proper in the Southern

District of Mississippi.  Rather, venue would be proper in the Northern District of Mississippi.  Pursuant to 28 U.S.C. § 1406(a), if a case is filed in the wrong division or district, the district court shall dismiss, or if it be in the interest of justice, transfer the case to the proper division or district.  Section 1406(b) further provides that "[n]othing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to venue."

While it appears to be undisputed that venue is not proper in the Southern District of Mississippi and that venue would be proper in the Northern District of Mississippi, the question presented is whether Plaintiff is able to request a transfer of venue at this stage of the litigation.  Defendant argues that by filing a complaint in the Southern District, Plaintiff waived his right to challenge venue.  Neither party is asking that the case be dismissed pursuant to § 1406(a).  Rather, Plaintiff requests that the case be transferred to the district where venue is proper, while Defendant requests that the case remain in the Southern District based on Plaintiff's waiver.

The United States Supreme Court in *dicta* stated that a plaintiff, "by bringing the suit in a district other than that authorized by the statute, relinquished his right to object to the venue." *Olberding v. Illinois Central Ry. Co.*, 346 U.S. 338, 340 (1953).  Other courts have cited with approval this statement of law.  *See Gordon v. Virtumundo*, 575 F.3d 1040, 1066 (9th Cir. 2009); *Manley v. Ingram*, 755 F.2d 1463, 1468 (11th Cir. 1985); *Smilde v. Snow*, 73 Fed. Appx. 24, 2003 WL 21754965 (5th Cir. 2003)(unpublished); *Park v. McGowan*, 2011 WL 6329797 (E.D.N.Y. 2011)(unpublished); *Roberts v. Sony Corp.*, 2006 WL 213706 (D.Utah 2006) (unpublished).  In an unpublished opinion, the Fifth Circuit denied a motion to change venue filed by a plaintiff on appeal and held that "[b]y filing suit in the Western District of Texas, [plaintiff] voluntarily

submitted himself to the jurisdiction of that court and consented to that venue." *Smilde*, 73 Fed. Appx. at 26. The procedural posture of *Smilde* was considerably different from that of the present case. Nevertheless, the undersigned recognizes that the Fifth Circuit cited with approval the *dicta* contained in *Olberding*.

The Eleventh Circuit also has recognized the "general rule" from *Olberding* that a plaintiff relinquishes his right to challenge venue by virtue of filing suit in a particular venue. *See Manley*, 755 F.2d at 1468. However, in *Manley* the Eleventh Circuit distinguished *Olberding* and held that the plaintiff in *Manley* should have been allowed to challenge venue because the propriety of venue was obscured in that the defendant lived in one state but subjectively considered another state to be his permanent residence, and because plaintiff could not in the exercise of due diligence have known the defendant's true residence at the time the lawsuit was filed. *Id.* Hence, in situations where a plaintiff does not have actual or constructive knowledge of the defendant's residence, the Eleventh Circuit recognizes an exception to the *Olberding* rule. *Id.* at 1468-69. In the instant case, there is no allegation that Plaintiff lacked actual or constructive knowledge that venue was proper in the Northern District. Plaintiff merely states that he "mistakenly" filed the lawsuit in the Southern District.

It is unclear whether Plaintiff has the ability to challenge venue. By filing the lawsuit in the Southern District of Mississippi, Plaintiff may have waived any challenge to venue. The federal venue statute is designed to protect defendants, not plaintiffs, from a potentially unfavorable venue. *See Leroy v. Great Western United Corp.*, 443 U.S. 173, 183-84 (1979). Given that Defendant filed a responsive pleading prior to Plaintiff's motion to transfer venue and given Defendant's objection to a transfer of venue, the Court finds that Plaintiff's request for a

transfer of venue is now untimely.  In the absence of controlling Fifth Circuit precedent to the contrary, the Court finds that pursuant to *Olberding*, Plaintiff has waived his right to object to venue.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's [6] Motion to Transfer Venue is DENIED.

SO ORDERED, this the 20th day of August, 2013.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE