IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

D. PERRY HOSTETLER AND
DALE HOSTETLER                                                                          PLAINTIFFS

V.                                                  CIVIL ACTION NO.: 3:13CV351 WHB-RHW

WILLIAM L. DILLARD, WILLIAM L.
DILLARD & CO., INC., BYRON R.
SEWARD, DARRINGTON SEWARD,
BRS/BRDS, LLC, and SEWARD &
SON PLANTING COMPANY                                                                  DEFENDANTS

## MEMORANDUM OF AUTHORITIES IN SUPPORT
## OF MOTION FOR PROTECTIVE ORDER

COMES NOW, the defendant, William L. Dillard, by and through counsel, and submits this Memorandum of Authorities in Support of his Motion for Protective Order and would show unto the Court as follows:

### BACKGROUND

D. Perry Hostetler and Dale Hostetler ("the Hostetlers") entered into farm lease contracts with Defendant William L. Dillard ("Mr. Dillard") in 2010 and 2011. This matter arises out of the Hostetlers' claims that Mr. Dillard breached the farm lease contracts by not granting them an option to renew at the contracts' termination. *See Second Amended Complaint at DE #24.*

Mr. Dillard suffers from Alzheimer's disease. He is under the care and treatment of Dr. Richard E. Weddle, a board certified neurologist, at Baptist Neurological Associates in Jackson, Mississippi. *See Affidavit of Dr. Richard E. Weddle, attached to the Motion for Protective Order as Exhibit "E."* Dr. Weddle has determined that, due to his disease, Mr. Dillard has memory difficulty that is progressive and which consequently causes him to not remember things. *See Ex.*

"E."

On February 24, 2014, pursuant to Fed. R. Civ. P. 17(c) and upon the motion of Mr. Dillard's attorneys for appointment of a guardian ad litem, this Court appointed Edith Dillard ("Mrs. Dillard"), Mr. Dillard's wife, to serve as Mr. Dillard's guardian ad litem in this matter. [DE #41]. The plaintiffs did not object to the appointment of Mrs. Dillard to act as Mr. Dillard's guardian ad litem. In appointing Mrs. Dillard to serve as the guardian ad litem, the Court found that Mr. Dillard was not competent due to progressive memory issues and a diagnosis of Alzheimer disease. [DE #41].

Mrs. Dillard has observed significant changes in her husband. He does not know what day it is, cannot recall events from the previous day or even several hours earlier in the same day. *See 28 U.S.C. § 1746 Declaration of Edith Dillard, attached to the Motion for Protective Order as Exhibit "F."* Mr. Dillard does not want to shave or take a bath and has practically stopped eating. *See Ex. "F."* He has lost the ability to write a check or balance a checkbook. *See Ex. "F."*

On August 1, 2014, an attorney for the Hostetlers stated in an email that they were going to take the deposition of Mr. Dillard and others. *See August 1, 2014 email from Barrett to Pace, attached to the Motion as Exhibit "A."* The email requested available dates for Mr. Dillard's deposition. *See Ex. "A."* Counsel for Mr. Dillard advised that we would not agree to Mr. Dillard's deposition being taken and an appropriate motion would be filed. *See August 6, 2014 email from Pace to Barrett and Thomas, attached to the Motion as Exhibit "B".*

On August 14, 2014, the plaintiffs noticed the deposition of Mr. Dillard for Thursday, September 18, 2014 beginning at 1:30 p.m. [DE #92]. In response, Mr. Dillard's attorneys requested that the notice of deposition be withdrawn. *See August 18, 2014 letter from Whitehead to Barrett, Davis and Shelton, attached to the Motion as Exhibit "C."* Counsel for the Hostetlers did not

withdraw the notice. The notice has now necessitated the need for intervention from this Court. *See Certificate of Good Faith, attached to the Motion as Exhibit "D".*

Plaintiffs have also noticed the deposition of Mrs. Dillard which has been scheduled for September 19, 2014. There is no objection to the Hostetlers taking the deposition of Mrs. Dillard who has knowledge regarding Mr. Dillard's business affairs. The plaintiffs have also noticed the depositions of the each of the other defendants as well as the Dillards' experts. [DE #84, 85, 87, 90, 91, 94 and 95].

## ARGUMENT

Because of Mr. Dillard's significant memory issues, the Court should issue a protective order precluding the taking of his deposition. Rule 26(c) of the Federal Rules of Civil Procedure grants the Court the authority to issue an order, for good cause shown, forbidding discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

The Court has already made a determination that Mr. Dillard is not competent, and on that basis appointed Mrs. Dillard to serve as his *guardian ad litem*. [DE #41]. In light of Mr. Dillard's progressive memory deficiencies, his diagnosis of Alzheimer disease, his documented inability to recall details, and his difficulties with maintaining typical activities of daily living, requiring him to sit for a deposition would constitute a substantial embarrassment as contemplated by Rule 26(c). *See Ex. "E" and Ex. "F."*

Embarrassment is generally thought of as a "nonmonetizable harm to individuals." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3rd Cir. 1986), *cert. denied,* 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 484 (1987). Here, given Mr. Dillard's mental status, the embarrassment of taking his deposition would be substantial.

Not only would the taking of the deposition constitute an embarrassment to Mr. Dillard, it would also constitute an undue burden and expense. The Court has made a determination that Dillard is not competent. Therefore, it cannot be of any benefit for the plaintiffs to elicit his testimony as it will not lead to admissible evidence. On the other hand, because of his memory deficits, Mr. Dillard's deposition would invite evidentiary error in the case due to the unreliability of his answers to questions posed of him.

The severity of Mr. Dillard's memory loss is highlighted in Dr. Weddle's October 2013 examination Mr. Dillard. During the appointment, Dr. Weddle gave Mr. Dillard three objects to remember, and he was immediately able to recall them. However, after Mr. Dillard spelled the word "world" backwards, he could not recall *any* of the three objects. He was totally disoriented as to time and did not know the year. Dr. Weddle noted that the memory difficulty is progressive. Therefore, it is to be expected that his memory will have worsened rather than improved since the October 2013 appointment. In Dr. Weddle's opinion, Mr. Dillard lacks sufficient mental capacity to testify as a competent witness with regard to actions taken by him in the past. *See Ex. "E."* Mrs. Dillard has also observed Mr. Dillard's inability to remember times, dates and events. *See Ex. "F."*

Moreover, there are others who can testify as to Mr. Dillard's business affairs as it concerns issues surrounding this litigation. This Court, without objection, appointed Mrs. Dillard to serve as the guardian ad litem for Mr. Dillard. [DE #41]. The Court found that Mrs. Dillard was familiar with Mr. Dillard's business affairs and was capable of acting on his behalf. The plaintiffs have noticed the deposition of Mrs. Dillard, and counsel for the Dillard defendants did not object. [DE #93]. The plaintiffs have also noticed the Rule 30(b)(6) deposition of William L. Dillard & Co., Inc. [DE #108].

In addition, the plaintiffs have scheduled the depositions of the Seward co-defendants. The deposition of Byron Seward has been noticed for September 17, 2014. [DE #90]. The deposition of Darrington Seward has been noticed for September 18, 2014. [DE #91]. The plaintiffs have also noticed the Rule 30(b)(6) deposition of BRS/BRDS, LLC and Seward and Son Planting Company. [DE #106, 107]. Therefore, there exists a number of sources of testimony regarding Mr. Dillard's decision not to allow the Hostetlers to exercise the option to renew the farming contracts at their termination.

## CONCLUSION

When balancing any need the plaintiffs might have for Mr. Dillard's testimony against the substantial embarrassment to Mr. Dillard, the undue burden and expense to Mr. Dillard and the other defendants, and the ability to obtain the information through other means, it is clear that good cause has been demonstrated to order that Mr. Dillard's deposition not go forward. For the reasons set forth in the Motion and in this Memorandum of Authorities, defendant William L. Dillard respectfully requests that the Court enter a protective order pursuant to FED. R. CIV. P. 26(c) prohibiting plaintiffs D. Perry Hostetler and Dale Hostetler from taking the deposition of William L. Dillard.

Respectfully submitted,

WILLIAM L. DILLARD, WILLIAM L. DILLARD & CO., INC. - Defendant

By:  /s/ Emilie F. Whitehead
EMILIE F. WHITEHEAD, MSB #10297
Attorney for Plaintiff

OF COUNSEL:

Lanny R. Pace, Ms Bar No. 9996
William M. Dalehite, Jr., Ms Bar No. 5566
J. Seth McCoy, Ms Bar No.  101577
Emilie F. Whitehead, Ms Bar No. 10297
STEEN DALEHITE & PACE, LLP
P. O. Box 900
Suite 415 Heritage Building
401 East Capitol Street
Jackson, MS 39205-0900
Telephone:  601/969-7054
Facsimile:   601/353-3782

## CERTIFICATE OF SERVICE

I, Emilie F. Whitehead, hereby certify that I have this day sent via the Court's ECF filing system, a true and correct copy of the foregoing instrument to the following counsel of record:

Jonathan P. Barrett
Barrett Law, PLLC
121 Colony Crossing, Suite D
Madison, MS 39110
601-790-1505 office
769-300-0922 fax
jpb@barrettlawms.com

Frederick G. (Rick) Davis, Jr. (MSB #99562)
SHELTON DAVIS PLLC
117 Park Circle Drive
Flowood, Mississippi  39232
601-932-1142
601-608-7809
rdavis@rgdlawfirm.com

David Shelton (MSB #99675)
SHELTON DAVIS PLLC
1223 Jackson Avenue East, Suite 202
P.O. Box 2541
Oxford, Mississippi 38655-2541
662-281-1212
david@davidsheltonpllc.com

Sam S. Thomas, Esq.
Underwood Thomas PC
115 Homestead Drive (39110)
P.O. Box 2790
Madison, Mississippi  39130-2790

This the 28th day of August, 2014.

                                              /s/ Emilie F. Whitehead
                                              EMILIE F. WHITEHEAD