IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

D. PERRY HOSTETLER and
DALE HOSTETLER                                                                               PLAINTIFFS

v.                                                                  CIVIL ACTION NO.: 3:13-cv-351-DCB-MTP

WILLIAM DILLARD, ET AL.                                                                   DEFENDANTS

**ORDER**

THIS MATTER is before the Court on the Motion for Partial Reconsideration [181] filed by Defendants William L. Dillard and William L. Dillard & Co., Inc. ("Dillard Defendants"). Having considered the Motion [181], the Court finds that it should be denied.

On December 3, 2014, the Court entered an Order [180] granting in part and denying in part Plaintiff's Motion to Compel [151]. The Order required the Dillard Defendants to produce five documents. The Court found that the five documents related to a May, 2011, meeting between William Dillard, his wife, Byron Seward, John Garrard and Cham Trotter. At this meeting, Garrard and Trotter were acting as attorneys for the Dillard Defendants, but they did not represent Seward. The Court held that the Dillard Defendants failed to establish that Seward's attendance at the meeting and receipt of certain documents were done in furtherance of the rendition of professional legal services. Thus, the Court held that the five documents were not protected by the attorney-client privilege.[1]

On December 5, 2014, the Dillard Defendants filed their Motion for Partial Reconsideration

---

[1] The Court also held that even if the communications were protected by the attorney-client privilege, the privilege was waived by the deposition testimony of Byron Seward and Edith Dillard.

[181], arguing that one document, a May 12, 2011, memorandum,[2] should not be produced in its entirety. The Dillard Defendants allege that, in addition to information regarding the meeting which Seward attended, the memorandum includes information regarding multiple meetings solely between William Dillard and his attorney. The Dillard Defendants argue that these communications are protected by the attorney-client privilege and that the Court should modify its Order [180] by permitting them to redact the information contained in the memorandum that pertains to the meetings between Dillard and his attorney.

Motions for reconsideration are generally analyzed under the standard for a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from a judgment or order under Rule 60(b). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). Rule 59(e) governs a motion seeking reconsideration of a ruling when the motion is filed within twenty-eight days of judgment. *Id.* Here, the Dillard Defendants' Motion for Partial Reconsideration was filed within the applicable twenty-eight day time frame; therefore, it will be considered under Rule 59(e).[3]

A motion to alter a ruling under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which

---

[2] The memorandum is identified in the Dillard Defendants' privilege log as "Memo to file concerning meetings with Dillard, Hostetlers, and Seward; attorneys mental impressions; and communications to Dillard concerning the same".

[3] The Court recognizes that Rule 59(e) is not technically applicable since no "judgment" has been entered in this action. However, this Court and others within the Fifth Circuit analyze reconsideration motions under Rule 59(e). *See Insurasource, Inc. v. Fireman's Fund Ins. Co.*, 2012 WL 1365083, at **1-2 (S.D. Miss. Apr. 19, 2012); *B&C Marine, LLC v. Cabiran*, 2013 WL 950562, at *1 (E.D. La. Mar. 11, 2013); *Garrison v. Tex. S. Univ.*, 2013 WL 247028, at *1 (S.D. Tex. Jan. 22, 2013).

would could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (internal quotations and citations omitted). This Court has "considerable discretion in deciding whether to grant a motion for reconsideration. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 Fed. App'x. 634, 636 (5th Cir. 2007) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).

As previously mentioned, the Dillard Defendants argue that portions of a May 12, 2011, memorandum should not be produced because those portions include information regarding multiple meetings solely between William Dillard and his attorney. This argument, however, is not based on *new* facts. The content of the subject memorandum was known to the Dillard Defendants at the time the Plaintiffs filed their Motion to Compel [151]. The argument the Dillard Defendants have raised in this Motion could and should have been advanced in response to Plaintiffs' Motion to Compel.

In their response, the Dillard Defendants failed to allege that the memorandum concerned meetings solely between William Dillard and his attorney. Instead, the Dillard Defendants argued that *all* of the documents at issue were privileged because the disclosures made to Seward helped facilitate the rendition of legal services to Dillard. The Dillard Defendants have failed to present any newly discovered facts or convince the Court that there has been a manifest error of law. *See Anderson v. Red River Waterway Com'n.*, 16 F. Supp. 2d 682, 683 (W.D. La. 1998) ("Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available when the original motion was filed is likewise

3

inappropriate.") (citation, quotations, and brackets omitted).

 IT IS, THEREFORE, ORDERED that:

 1. The Dillard Defendants' Motion for Partial Reconsideration [181] is DENIED.

 2. The Dillard Defendants shall produce an unredacted copy of the May 12, 2011, memorandum, on or before January 5, 2015.

 SO ORDERED this the 30th day of December, 2014.

       s/ Michael T. Parker
       United States Magistrate Judge